UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————————
                                                            )
IN RE APPLICATION OF USA PURSUANT        )        ML No: 1:22-ml-00473
TO 18 U.S.C. § 3512 FOR ORDER FOR             )
COMMISSIONER'S APPOINTMENT FOR          )
FRAUD INVESTIGATION                                    )
                                                            )
—————————————————————————)

*Reference:*      *DOJ Ref. # CRM-182-80748*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Erica Laster, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Portugal.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.        The Competent Authority of Portugal, the Prosecutor General's Office, submitted

a request for assistance (the Request) to the United States, pursuant to the Instrument Between

the United States of America and Portugal as contemplated by Article 3(3) of the Agreement on

Mutual Legal Assistance Between the United States of America and the European Union, signed

25 June 2003, U.S.-Port., July 14, 2005, S. TREATY DOC. NO. 109-13 (2006) (the Treaty).

2.      As stated in the Request, the Office of the Attorney General for the District of Northern Lisbon, in Portugal, is investigating unknown subjects for fraud, which occurred between in or about February 2020 to March 2020, in violation of the criminal laws of Portugal, specifically, Articles 217(1) and 218(2)(a) of the Portuguese Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Portuguese authorities, in February of 2020, the Victim, a Portuguese company, began searching for N95 masks to purchase for resale through the company.  During this time, the Victim's legal representative reached out to an unknown subject at the email sales@flexablemask.com via a messaging application.  The unknown subject agreed to provide the Victim with N95 masks in exchange for approximately 89,300 USD.

4.      Believing that the unknown subject would deliver the masks once the payment was received, the Victim made an initial transfer of approximately 22,360.58 EUR (approximately 25,500 USD) on March 9, 2020 to Huntington National Bank account number XXXXXXX8945, designated by the unknown subject and located in the United States.  On March 12, 2020, the Victim made a second transfer of 22,360.58 EUR (approximately 25,500 USD) to Huntington National Bank account number XXXXXXX8945.

5.      After the transfer, the Victim received a communication from the unknown subject that the merchandise was being prepared for shipment.  The Victim made additional inquiries about the shipping process to ensure the N95 masks would ship.  On March 14, 2020, the unknown subject told the Victim that the unknown subject's company would provide the N95 mask shipment via a specific shipping company.  The unknown subject also provided a link (http://www.trustlsc.com/tracking) for the Victim to use to track and monitor the shipment.

6.      On March 15, 2020, the unknown subject told the Victim that the unknown

subject's company required an additional payment of 34,623.03 EUR (approximately 38,300

USD) from the Victim for sanitary inspections and insurance fees.  The unknown subject assured

the Victim's legal representative that this fee would be reimbursed to the Victim as soon as the

merchandise shipped from the United States.  The Victim then transferred approximately 38,300

USD to Wells Fargo Bank, N.A. account number XXXXXX2414, designated by the unknown

subject and located in the United States.

7.      When the unknown subject requested that the Victim provide an additional

payment for cleaning fees, the Victim's representative suspected he was the victim of fraud and

contacted Portuguese authorities.  The Victim never received the N95 masks ordered from the

unknown subject and further attempts to reach out to the unknown subject were unsuccessful.

The Victim suffered a total monetary loss of 79,863 EUR (approximately 89,300 USD).

8.      To further the investigation, Portuguese authorities have asked U.S. authorities to

obtain bank records associated with Huntington National Bank account number

XXXXXXX8945and Wells Fargo account number XXXXXX2414, and interview the account

holder(s) once identified.

## LEGAL BACKGROUND

9.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions

of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty

should be construed liberally "to give effect to the purpose which animates it."  United States v.

Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

        10.     When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*         *         *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*         *         *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

        11.     Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

12.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

---

authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

13.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

REQUEST FOR ORDER

14.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office in Portugal, and seeks assistance in the investigation of fraud – a criminal offense in Portugal.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interviews, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

15.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

16.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in

domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to

any person other than the recipient (i.e., no notice to targets or defendants), orders and

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512.  This

is true even if the Requesting State, as here, seeks financial records, because the Right to

Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply

to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882

F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from

the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of

Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti,

669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a

commissioner to collect the evidence requested without notice to any person(s) or entity(ies)

other than the recipient(s) of any given commissioner subpoena.

17.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Erica Laster,

Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the

intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Erica Laster
Trial Attorney
D.C. Bar Number 1032449
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 353-1677
Erica.Laster@usdoj.gov